

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Hon. A. E. Wood, Chairman,
Game, Fish & Oyster Commission
Austin, Texas

Dear Sir:

Opinion No. O-1325
Re: Game, Fish & Oyster Commission
appropriation, Senate Bill 427,
Regular Session, 46th Legisla-
ture.

By your letter of September 26, 1939, you ask the
opinion of this department upon the following questions:

"1. I would like for you to advise me whether
or not, under maintenance, miscellaneous and im-
provements, on pages 62 and 63, beginning at the
first item on page 62 and ending in item 24 on
page 63, the items therein contained can be supple-
mented from savings from other items therein or
can such items be supplemented from funds of the
Department that are appropriated and not specifie-
ally itemized?

"2. I would also like for you to advise me
whether or not items 1 to 12 on page 64 can be
supplemented from savings from other items or from
funds appropriated and not specifically itemized.

"3. I would also like for you to advise me
whether or not, on pages 66 and 67, beginning with
line 1 and ending with line 17, items therein can
be supplemented from savings from other items or
from funds appropriated and not specifically item-
ized.

"4. I would like for you to advise me whether
or not we are controlled in the expenditure of the
funds of the Game, Fish and Oyster Commission by
the three riders where they are in conflict with
the general provisions at the end of the Act, or
whether we are bound by the general provisions."

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

The general rider appearing at the end of Senate Bill 427, 46th Legislature, Regular Session, contains, among other provisions, the following:

"(B) The appropriations herein provided are to be construed as the maximum sums to be appropriated to and for the several purposes named herein, and the amounts are intended to cover, and shall cover the entire costs of the respective items and the same shall not be supplemented from any other source; ..."

"Except as otherwise provided, whenever, by virtue of the provisions of this Act, items are to be paid out of fees, receipts, special funds, or out of other funds available for use by a department, it is the intention of the Legislature to limit expenditures out of said fees, receipts, special funds or other available funds to the purposes and in the amounts itemized herein, and it is so provided. . . ."

"Traveling Expenses. (a) except as to field travel expense of the Highway Department, it is provided that no expenditure shall be made for traveling expenses by any department of this State in excess of the amounts of money itemized herein for said purpose. This provision shall be applicable whether the item for traveling expenses is to be paid out of the appropriation from the General Fund, from fees, receipts or special funds collected by virtue of certain laws of this State, or from other funds (exclusive of Federal funds) available for use by a department."

In accordance with the principle, however, that where the general provisions of a statute conflict with special provisions, the special provisions will control to the extent of such conflict, and will be regarded as an exception from the application of the general rule, a special rider, appended to a particular departmental appropriation, controls the expenditure of the funds of that department, insofar as such special rider is in conflict with the general rider appearing at the end of the Act and applying to all departments.

Each of the three separate appropriations for the three divisions of the Game, Fish & Oyster Commission has appended to it a special rider which, after appropriating all moneys accruing to the special fund out of which the itemized appropriations for the division are made, states:

". . .Any amount specifically appropriated that is not used for such purpose of that is in excess of the amount required for the purpose for which it is herein appropriated, together with any moneys in excess of the amount herein appropriated that are placed to the credit of these respective funds (the funds out of which the appropriation is made) during the biennium ending August 31, 1941, may be used to supplement the performance of any purpose for which money is herein appropriated or other necessary expense in connection with the duties and functions of the Game, Fish and Oyster Commission. It is provided, however, that no salaries except extra labor shall be paid except those herein specifically itemized, and such itemized salaries shall not be supplemented from any source whatsoever." (Parenthetical insertion ours)

The effect of these special riders is to permit the use of moneys appropriated for a purpose for which they are not needed, the use of such moneys as are appropriated for one purpose which are in excess of the amount needed for the performance of that purpose, and the use of any surplus in the special fund in excess of the total specifically appropriated from the fund, for supplementing any specific item for which money is appropriated to the division or the department, except itemized salaries, and for such necessary expense of the department for which specific provision has not been made, with the exception that no salaries, except extra labor, may be paid, except those specifically itemized in the particular appropriation.

We beg to advise, however, that we do not regard the special riders referred to as being in conflict with the provision of the general rider reading as follows:

"It is further provided that, during any three month period, no department can expend more than one-fourth (¼) of the appropriation made herein for: (a) traveling expenses (b) contingent expenses, (c) telephone and telegraph, (d) postage, provided that any unexpended balances from preceding quarters may be expended during subsequent quarters."

The effect of this rider is to limit the expenditure of the funds specifically appropriated for traveling expenses, contingent expenses, telegraph and telephon, and postage, to one-fourth of the specific appropriation for that purpose during any three month period. Applying this rider to your situation, it follows that, during any three month period, your expenditures out of the specific item appropriated for traveling expenses, contingent expenses, telephone and telegraph, and postage, may not exceed one-fourth of such specific item, but this one-fourth, by virtue of the special riders, may be supplemented from the other sources mentioned in the special rider according to the terms of such rider.

Nothing in this opinion is to be construed as suggesting or holding that the special riders referred to relieve the department from the various limitations appearing in the general rider upon the use of moneys appropriated to the various departments of the State government. It is to be emphasized that the special riders control as against the general rider insofar, but only insofar, as the two conflict. Upon matters as to which there is no conflict, the general rider will prevail.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By    /s/

R. W. Fairchild
Assistant

APPROVED OCT 7, 1939

RWF:pbp
RWF:pm        Robert Kepke

ACTING   ATTORNEY GENERAL OF TEXAS

APPROVED
Opinion
Committee
By  BWB
    Chairman